**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MELVIN JACKSON,

    Petitioner,

v.

BRUCE L. CURTIS,

    Respondent,
_____/

Civil No. 2:07-13582
HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

## ORDER DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL

Before the Court is habeas petitioner Melvin Jackson 's motion for the appointment of counsel to assist him in his petition for writ of habeas corpus that he has filed pursuant to 28 U.S.C. § 2254.

The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v.*

1

*Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed a petition for writ of habeas corpus, in which he raises four claims for relief. Petitioner has also filed a forty one page brief in support of his petition, in which he has cited to numerous federal and state cases. Petitioner therefore has the means and ability to present his claims to the court. Furthermore, until the State of Michigan files its answer and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court **DENIES** the motion for appointment of counsel without prejudice. The Court will reconsider the motion if, following receipt of the

responsive pleadings and Rule 5 materials, the court determines that appointment of counsel is necessary.

**ORDER**

Based upon the foregoing, the motion for appointment of counsel [Dkt. # 3] is **DENIED.**

Dated: February 6, 2008

                                                   S/George Caram Steeh
                                                   GEORGE CARAM STEEH
                                                   UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 6, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk