UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN JACKSON,

    Petitioner,

v.

BRUCE L. CURTIS,

    Respondent,

                                      /

Civil No. 2:07-13582
HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER OF SUMMARY DISMISSAL

Melvin Jackson, ("petitioner"), presently on parole supervision with the Michigan Department of Corrections through the Detroit Metro Parole Office in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for possession with intent to deliver heroin, M.C.L.A. 333.7401(2)(a)(iv); carrying a concealed weapon, M.C.L.A. 750.227; and felony-firearm, M.C.L.A. 750.227b. Respondent has filed a motion to dismiss, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion to dismiss. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the

1

Wayne County Circuit Court. Petitioner's direct appeals ended on October 25, 2004, when the Michigan Supreme Court denied petitioner's application for leave to appeal from the affirmance of his conviction by the Michigan Court of Appeals on his appeal of right. *People v. Jackson,* 471 Mich. 900; 688 N.W. 2d 85 (2004).

On August 21, 2007, petitioner signed and dated his petition for writ of habeas corpus. [1]

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2244(d)(1).

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on August 21, 2007, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

2

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied leave to appeal on October 25, 2004. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on January 24, 2005, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188. Petitioner would have had until January 24, 2006 to file his petition with this Court. Because the petition for writ of habeas corpus was not filed until August 21, 2007, the petition is untimely and subject to dismissal.

In his response to the motion to dismiss, petitioner contends that the statute of limitations has either not commenced to run, or should, in the alternative, be tolled pursuant to 28 U.S.C. § 2244(d)(2), because petitioner filed a motion for a new trial with the trial court pursuant to M.C.R. 7.208 while his direct appeal was still pending in the Michigan Court of Appeals and that the trial court has yet to rule on that motion.

Petitioner initially appears to argue that the limitations period has not yet

3

commenced to run because the Michigan appellate courts lacked jurisdiction to determine his appeal while his motion for a new trial remained pending in the trial court. 28 U.S.C. § 2244(d)(1)(A) provides that the one year limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See Penson v. Collins,* 27 Fed. Appx. 369, 371-72 (6th Cir. 2001). For purposes of commencing the one year limitations period pursuant to § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter,* 35 Fed. Appx. 111, 114 (6th Cir. 2002).

In determining whether a particular state procedure constitutes part of the "direct review" process for purposes of commencing the one year limitations period, a federal habeas court must defer to the underlying state court characterization of the procedure. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003). Upon the filing of a claim of appeal in a criminal case, jurisdiction is vested in the Michigan Court of Appeals. *See e.g. People v. Williams,* 163 Mich. App. 744, 755; 415 N.W. 2d 301 (1987). This Court notes that appellate counsel was appointed to represent petitioner on September 16, 2002. Under MCR 6.425 (F)(3), an order by a state trial court appointing appellate counsel also acts as a claim of appeal. *See People v. Miles,* 454 Mich. 90, 93, n. 4; 559 N.W. 2d 299 (1997). Although MCR 7.208(B) permits a trial

4

court to entertain certain postjudgment motions after a claim of appeal has been filed, this court rule merely provides a trial court with concurrent jurisdiction with the Michigan Court of Appeals. *See Offer v. Amayo,* 1998 WL 1991112, * 1. n. 1 (Mich.Ct.App. July 14, 1998). In fact, the staff comments to MCR 7.208(B) state that this court rule created a new procedure for criminal defendants to file postjudgment motions in the trial court "[n]otwithstanding the fact that the Court of Appeals has jurisdiction of the case because the order appointing appellate counsel serves as the claim of appeal." *See People v. Hernandez,* 443 Mich. 1, 19, n. 29; 503 N.W. 2d 629 (1993). Thus, the Michigan Court of Appeals had jurisdiction to entertain petitioner's appeal.

Petitioner's argument, however, suffers from a more fatal flaw. By petitioner's own admission, his appellate counsel filed his appeal brief with the Michigan Court of Appeals on June 2, 2003. [2] Petitioner indicates that he filed his motion for a new trial with the Wayne County Circuit Court on October 7, 2003, some four months after appellate counsel had filed his appeal brief with the Michigan Court of Appeals.

MCR 6.431(A)(2) provides, "If a claim of appeal has been filed, a motion for a new trial may only be filed in accordance with the procedure set forth in MCR

---

[2] This Court confirmed this information by going to the Michigan Court of Appeals' Internet Website. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

7.208(B) or the remand procedure set forth in MCR 7.211(C)(1)."

MCR 7.208(B)(1) states that:

"No later than 56 days after the commencement of the time for filing the defendant-appellant's brief as provided by MCR 7.212(A)(1)(a)(iii), the defendant may file in the trial court a motion for a new trial, for judgment of acquittal, to withdraw a plea, or for resentencing."

Pursuant to MCR 7.212(A)(1)(a)(iii), an appellant must file a brief within 56 days after the claim of appeal is filed, the order granting leave is certified, or the transcript is filed with the trial court or tribunal, whichever comes later.

The docket sheet from petitioner's case in the Michigan Court of Appeals indicates that the transcripts were filed on February 12, 2003. Petitioner's appellate counsel filed his appellate brief on June 2, 2003. Petitioner did not file his motion for a new trial until October 7, 2003, over four months after his appellate counsel filed his appellate brief and obviously well beyond the fifty six day period under MCR 7.212(A)(1)(a)(iii) for filing the appellate court brief. Because petitioner did not file his motion for a new trial within the fifty six day period for filing an appellate brief under MCR 7.212(A)(1)(a)(iii), the trial court did not have jurisdiction to adjudicate petitioner's motion for a new trial, because the motion was untimely under MCR 7.208(B). *see People v. LaPlaunt,* 217 Mich. App. 733, 35-736; 552 N.W. 2d 692 (1996); *See also People v. Calwise,* No. 2005 WL 857367, * 2 (Mich.Ct.App. April 14, 2005)*; People v. Pickelhaupt,* No. 1999 WL 33435969, * 2 (Mich.Ct.App. September 3, 1999). Nor is there any

indication from the Michigan Court of Appeals' docket sheet for petitioner's case that a motion to remand was ever filed.

The Michigan Court of Appeals therefore had jurisdiction to entertain the appeal of right notwithstanding the pending motion for a new trial, and petitioner was therefore afforded direct review of his conviction, for purposes of commencing the one year limitations period.

Finally, the Court notes that petitioner claims that when he filed his application for leave to appeal to the Michigan Supreme Court, he included in his application the issues that he had placed in his *pro se* motion for a new trial that was still pending before the Wayne County Circuit Court. The Michigan Supreme Court denied petitioner's application for leave to appeal. Because petitioner's new trial argument was apparently disposed of by the Michigan Supreme Court when it denied petitioner leave to appeal, the commencement of the limitations period was not delayed by the fact that petitioner had a motion for new trial still pending in the Wayne County Circuit Court. *See e.g. Justice v. Massie,* 5 Fed. Appx. 816, 818 (10th Cir. 2001)(running of time for filing habeas petition was not stopped by a motion for new trial that remained pending in state appellate court, where petitioner's new trial argument was disposed of in that court's opinion).

The Court will also reject petitioner's related argument that this motion for a new trial should toll the limitations period pursuant to Section 2244(d)(2) while it remains pending in the trial court, because petitioner did not file his motion for a

7

new trial within the fifty six day period for doing so as required by MCR 7.208(B).

28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Fugate v. Booker*, 321 F. Supp. 2d 857, 860 (E.D. Mich. 2004). An application for state post-conviction relief is considered "properly filed", for purposes of triggering the tolling provisions of § 2244(d)(2), when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g. requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell*, 276 F. 3d 768, 771 (6th Cir. 2001).

In this case, the trial court would not have jurisdiction to entertain petitioner's motion for a new trial, because it was not filed within the fifty six day period for filing an appellate brief under MCR 7.212(A)(1)(a)(iii). Because federal courts defer to state courts on issues of state law and procedure, this Court must defer to the provisions of MCR 7.208(B), which indicate that the trial court would not have the authority to entertain petitioner's untimely motion for a new trial. *See Vroman v. Brigano*, 346 F. 3d 598, 603 (6th Cir. 2003); *Israfil*, 276 F. 3d at 771-72. Because petitioner's motion for a new trial was not properly filed in compliance with the dictates of MCR 7.208(B), it would not toll the limitations period pursuant to § 2244(d)(2). *See e.g. Herbert v. Jones,* 351 F. Supp. 2d 674, 677 (E.D. Mich.

8

2005).

Finally, the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Moreover, petitioner does not claim

9

in his response to the motion to dismiss that he is actually innocent. In his second claim in his petition, however, petitioner alleges that he is actually innocent of the carrying a concealed weapons and felony-firearms charges, because he had a right to possess a firearm inside of his home. Because petitioner's argument involves a claim of legal innocence, it is not a claim of actual innocence which would support equitable tolling of the AEDPA's one-year statute of limitations. *See Harvey v. Jones,* 179 Fed. Appx. 294, 298-99 (6th Cir. 2006).

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). The Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). Because a plain procedural bar is present, no further appeal would be warranted. *Harris v. Stegall,* 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

11

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: April 21, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 21, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk